UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROLAND GIBSON,

    Plaintiff,

v.                                                      Case No: 8:22-cv-2247-WFJ-TGW

THE STATE OF FLORIDA;
SAMANTHA DARRIGO; CHARLES
SNIFFEN; and EDWARD NICHOLAS,

    Defendants.
_____/

## ORDER

This matter comes before the Court on the Motion to Dismiss filed by the State of Florida, Judge Charles Sniffen, and Judge Edward Nicholas (collectively, "the moving Defendants"). Dkt. 13. Plaintiff Roland Gibson, proceeding *pro se*, responded in opposition. Dkt. 15. Upon careful consideration, the Court grants the moving Defendants' Motion.

Plaintiff brings the present action against the moving Defendants and attorney Samantha Darrigo for their roles in a foreclosure action[1] within the

---

[1] The moving Defendants ask this Court to take judicial notice of the existence of the state court foreclosure action, *U.S. Bank, NA v. Gibson*, 2013CA002269AX (12 Jud. Cir., MTE, FL). Dkt. 13 at 2 n.1. The Court takes judicial notice of the foreclosure action and orders entered therein, as their existence is "not subject to reasonable dispute" and can readily be determined by public state court filings. *See* Fed. R. Evid. 201(b).

Twelfth Judicial Circuit Court in and for Manatee County, Florida. Dkt. 1. According to Plaintiff, an "illegal mortgage lien" was placed on his property, resulting in a non-party bank filing a complaint to foreclose on the property in January 2009. *Id.* at 5. The state court entered a final foreclosure judgment in November 2014.[2] Plaintiff appealed the judgment to the Second District Court of Appeal,[3] which affirmed in August 2016.[4]

On October 3, 2022, Plaintiff filed his present Complaint before this Court, alleging that "[t]he State is the real party responsible for the foreclosure on [Plaintiff]'s property using state-licensed sub-agencies to do their dirty work." Dkt. 1 at 1–2. He also appears to contend that attorney Samantha Darrigo impermissibly acted as a "3rd party debt collector" during the foreclosure action. *Id.* at 5, 11. And, without elaboration, Plaintiff asserts that Judge Sniffen and Judge Nicholas were responsible for making "journal entries" on the state court docket. *Id.* at 6. Based on these allegations, Plaintiff appears to bring claims of constitutional violations, breach of contract, forgery, wrongful foreclosure, conspiracy to commit real estate fraud, real estate deed fraud, obstruction of justice, intentional infliction of emotional distress, and slander. *Id.* at 8–13.

---

[2] Uniform Final Judgment of Mortgage Foreclosure, *Gibson*, CA002269AX (Dkt. 122(122)).
[3] Notice of Appeal, *Gibson*, CA002269AX (Dkt. 126(126)).
[4] Mandate-Affirmed, *Gibson*, CA002269AX (Dkt. 178(181)).

The State, Judge Sniffen, and Judge Nicholas now collectively move to dismiss on multiple grounds, including Plaintiff's failure to follow pleading requirements. Dkt. 13.

## LEGAL STANDARD

Federal Rules of Civil Procedure 8 and 10 establish the minimum pleading requirements for a complaint. Under the notice pleading standards set forth in Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To comply with Rule 10, a plaintiff must also bring its claims in separate, numbered paragraphs, with each claim "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). A complaint that violates either of these pleading rules is often disparagingly called a "shotgun pleading." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Dismissal of such a pleading is warranted under Rules 8(a)(2) and 10(b) when "it is *virtually impossible* to know which allegations of fact are intended to support which claim(s) for relief." *Id.* at 1325 (emphasis in original).

## ANALYSIS

Among other grounds for dismissal, the moving Defendants assert that Plaintiff's Complaint must be dismissed as an impermissible shotgun pleading. Dkt. 13 at 15−16. The Eleventh Circuit has identified four types of shotgun

pleadings: (1) complaints in which each count adopts the allegations of all preceding counts; (2) complaints that are "replete with conclusory, vague, and immaterial facts"; (3) complaints that fail to separate each cause of action into separate counts; and (4) complaints that assert multiple claims against multiple defendants without specifying which defendant is responsible for which acts. *Weiland*, 792 F.3d at 1321−23. No matter the type, all shotgun pleadings exhibit the unifying characteristic of failing to give defendants adequate notice of the claims against them and the grounds upon which each claim rests. *Id.* at 1320. With this understanding, the Court agrees that Plaintiff's Complaint amounts to an impermissible shotgun pleading for three reasons.

First, each of Plaintiff's claims adopts all preceding factual allegations, making it virtually impossible to know which allegations actually underlie each claim. *See Weiland*, 792 F.3d at 1322 n.12, 1325. For example, under Plaintiff's "Violation of Due Process" claim, Plaintiff merely adopts all preceding factual allegations and states that "[t]he defendants had a duty to follow the law and the constitution." Dkt. 1 at 8. Such a claim fails to place Defendants on notice of the allegations against them. Moreover, "pleading in this fashion imposes a heavy burden on the trial court, for it must sift each count for allegations that pertain to the cause of action purportedly stated and, in the process, disregard allegations that only pertain to the incorporated counts." *United States ex rel. Atkins v. McInteer*,

470 F.3d 1350, 1354 n.6 (11th Cir. 2006). Most, if not all, of Plaintiff's claims suffer from this fatal defect. *See* Dkt. 1 at 8−13.

Second, Plaintiff fails to indicate which claims are against which Defendants. *Id.* When a plaintiff brings multiple claims against multiple defendants without specifying which defendants are liable for any given claim, the plaintiff has failed to place the defendants on notice of the claims against them. *See, e.g.*, *Magluta v. Samples*, 256 F.3d 1284, 1284 (11th Cir. 2001) (finding that a "[c]omplaint replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged," is an impermissible shotgun pleading). Plaintiff must clarify which claims he brings against which Defendants so they may adequately respond.

Third, and finally, Plaintiff's Complaint is replete with immaterial and conclusory allegations. *See generally* Dkt. 1. Many of Plaintiff's factual allegations concern the alleged actions and inactions non-parties. *See id.* at 3−8. It is not clear how these allegations—such as Plaintiff's assertion that an unnamed lender failed to follow "the GAAP Accounting Laws"—pertain to Plaintiff's claims against the present Defendants. *See, e.g., id.* at 7−8. Additionally, many of Plaintiff's allegations are conclusory. For example, Plaintiff seemingly contends that Defendant Samantha Darrigo "illegally collect[ed] as a 3rd party debt collector[.]"

5

*Id.* at 5, 11. It is unclear what actions Ms. Darrigo allegedly undertook to impermissibly act as a third-party debt collector.

Ultimately, these flaws render Plaintiff's Complaint a quintessential shotgun pleading that must be dismissed. Given Plaintiff is proceeding *pro se*, the Court will afford him the opportunity to amend his Complaint. In doing so, however, the Court directs Plaintiff's attention to two potential bars to his claims identified by the moving Defendants.

As to the first potential bar, the moving Defendants aver that the *Younger* abstention doctrine deprives the Court of subject matter jurisdiction to hear Plaintiff's case. Dkt. 13 at 6−7. However, it is the *Rooker-Feldman* abstention doctrine—not the *Younger* abstention doctrine[5]—that presents a major hurdle to Plaintiff's ability to bring his claims. Under the *Rooker-Feldman* doctrine, federal courts are barred from reviewing state court decisions. *See Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283−84 (2005). The Supreme Court has

---

[5] The *Younger* abstention doctrine prohibits federal courts from interfering with three "exceptional" categories of state proceedings: (1) criminal prosecutions; (2) civil proceedings akin to criminal prosecutions; and (3) "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns., Inc. v. Jacobs*, 571 U.S. 69, 73 (2013). Where a court determines that a state proceeding falls into one of these exceptional categories, the court must then consider additional factors before abstaining. *Barone v. Wells Fargo Bank, N.A.*, 709 F. App'x 943, 948 (11th Cir. 2017) (citing *Sprint Commc'ns*, 571 U.S. at 81). Here, the moving Defendants focus on the additional factors without first considering the *Younger* doctrine's limited scope. *See* Dkt. 13 at 5−6. A state court foreclosure action does not fall into one of the exceptional categories covered by the *Younger* doctrine. *Barone*, 709 F. App'x at 949.

determined that the *Rooker-Feldman* doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id*. at 292. The Eleventh Circuit has since explained that this doctrine applies "both to claims that were actually raised in the state court and to those 'inextricably intertwined' with the state court's judgment." *Barone v. Wells Fargo Bank, N.A.*, 709 F. App'x 943, 947 (11th Cir. 2017) (quoting *Casale v. Tillman*, 558 F.3d 1258, 1260−61 (11th Cir. 2009)).

Here, it appears that Plaintiff is primarily complaining of the state court's foreclosure judgment and alleged injuries arising therefrom. *See generally* Dkt. 1. The Court cautions Plaintiff that it lacks jurisdiction to review state court decisions or hear claims inextricably intertwined with those decisions. If Plaintiff chooses to amend his Complaint, he should consider the *Rooker-Feldman* doctrine's potential bar to his claims. The federal district courts are not appellate courts for state court decisions to be reconsidered or overturned.

The second potential bar to Plaintiff's claims is certain Defendants' alleged immunity from suit. As the moving Defendants note, judges are generally immune from suit under the doctrine of judicial immunity. Dkt. 13 at 9−11. Specifically, "[j]udges are entitled to absolute immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear

7

absence of all jurisdiction.'" *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (citation omitted). This is true even where a judge's actions were "in error, malicious, or were in excess of his or her jurisdiction." *Id.* (citation omitted). Plaintiff should therefore consider the judicial immunity doctrine's application to his claims against Judge Sniffen and Judge Nicholas, whom Plaintiff merely alleges made "journal entries" on the state court docket. *See* Dkt. 1 at 6. It seems unlikely that an amended complaint will be able to overcome judicial immunity.

  Similarly, the moving Defendants correctly recognize that states are often shielded from suit by citizens due to sovereign immunity. Dkt. 13 at 6–9. Derived from the Eleventh Amendment and expanded by case law, sovereign immunity "prohibits federal courts from exercising subject matter jurisdiction in suits brought against a state by a citizen of that state." *Schopler v. Bliss*, 903 F.2d 1373, 1378 (11th Cir. 1990). Pursuant to the doctrine of sovereign immunity, a state typically cannot be sued by its citizens without the state's consent. *See Crisman v. Fla. Atl. Univ. Bd. of Trs.*, 572 F. App'x 946, 947–48 (11th Cir. 2014) (describing what constitutes a state's consent to suit). As such, Plaintiff is advised to consider that the State is like be immune from suit on any cause of action that could be alleged in an amended complaint.

8

## CONCLUSION

Based on the foregoing, the moving Defendants' Motion to Dismiss, Dkt. 13, is **GRANTED**. If Plaintiff so wishes, he may file an amended complaint that remedies the defects identified by this Order on or before **January 3, 2023**. The Court retains the authority to dismiss with prejudice shotgun pleadings or other shortcomings that have not been corrected despite an opportunity to do so. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018).

**DONE AND ORDERED** at Tampa, Florida, on December 13, 2022.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record
Plaintiff, *pro se*