UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROLAND GIBSON,

    Plaintiff,

v.                                                  Case No. 8:22-cv-2247-WFJ-TGW

THE STATE OF FLORIDA,
SAMANTHA DARRIGO, CHARLES
SNIFFEN, and EDWARD NICHOLAS,

    Defendants.
_____/

## ORDER

    Before the Court is Defendant Samantha Darrigo's motion to dismiss the amended complaint (Dkt. 20), Defendants Charles Sniffen, Edward Nicholas, and the State of Florida's motion to dismiss the amended complaint (Dkt. 21), and Plaintiff's combined response. Dkt. 22. After careful review of the allegations of the amended complaint (Dkt. 19), the argument of the parties, and the entire file, the Court concludes the motions are due to be granted.

    In reviewing Plaintiff's amended complaint, the Court recognizes that *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and therefore construes the amended complaint more liberally. *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*). Nevertheless, the amended complaint, again, omits proper pleading requirements and does not state a

viable claim for relief. Not only does the amended complaint wholly incorporate mis-numbered paragraphs into the counts—some counts consisting of one sentence—it also fails to indicate which claims are against which Defendants and suffers from conclusory allegations. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320–23 (11th Cir. 2015) (setting forth elements of an impermissible "shotgun" pleading).

For the second time, Plaintiff appears to assert various torts related to an unlawful conveyance of real property and its subsequent state mortgage foreclosure in the Twelfth Judicial Circuit in and for Manatee County, Florida. Dkt. 19. Plaintiff again alleges that the conveyance was wrought with fraud because the bank (and all the Defendants) forged documents, illegally recorded several "unauthorized" documents, and failed to deliver the deed. Dkt. 19 at 3–20. Plaintiff attempts to allege that the bank's attorney, two state court judges, and the State of Florida formed a conspiracy and acted together to violate his federal constitutional and civil rights in the 2014 foreclosure action, in addition to conspiring to commit real estate fraud, real estate deed fraud, wrongful foreclosure, obstruction of justice, and slander of title. *Id.*

According to the state foreclosure docket filed in this case by Plaintiff, the property was set for a foreclosure sale on January 11, 2023. Dkt. 1-1. The Manatee County public records confirm that the sale happened on that date, and

2

the property sold for $725,100.00.  See

https://records.manateeclerk.com/OfficialRecords/DisplayInstrument/4824264#;

*La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (permitting court on motion to dismiss to consider documents central the complaint and matters judicially noticed).

As noted in an earlier order, Plaintiff appealed the final foreclosure judgment in November 2014, and the state appellate court affirmed in August 2016.  Dkt. 18 at 2 (citing to the relevant state court docket entries).  In dismissing the initial complaint with leave to amend, the Court addressed the *Rooker-Feldman*[1] doctrine, general judicial immunity, and absolute state sovereign immunity.  *Id*. at 6-8.

As explained in the prior order, the *Rooker-Feldman* doctrine precludes federal district courts from exercising jurisdiction over final judgments of state courts.  *Id*. at 6–8; *see also Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000) *(en banc)*.  Federal district courts do not have jurisdiction to act as appellate courts and review final state court judgments.  *Green v. Jefferson Ctny. Comm'n*, 563 F.3d 1243, 1249 (11th Cir. 2009).  *Rooker-Feldman* applies where "state-court losers complain[ ] of injuries caused by state-court judgments rendered before the

---

[1] *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

district court proceedings commenced and invit[e] district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Even if Plaintiff had raised in state court his precise claims that the property conveyance was wrought with fraud (Dkt. 19 at 3), the *Rooker-Feldman* doctrine extends to claims that are "inextricably intertwined" with state court determinations. *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983); *Barone v. Wells Fargo Bank, N.A.*, 709 F. App'x 943, 947 (11th Cir. 2017). A claim is considered "inextricably intertwined" if it would "effectively nullify the state court judgment, or [if] it 'succeeds only to the extent that the state court wrongly decided the issues.'" *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (*per curiam*) (citations omitted) (quoting *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001)). Someone who loses in state court cannot avoid *Rooker-Feldman* by "cleverly cloaking [his] pleadings in the cloth of a different claim." *May v. Morgan Cnty. Ga.*, 878 F.3d 1001, 1005 (11th Cir. 2017) (*per curiam*) (holding *Rooker-Feldman* bars § 1983 claim inextricably intertwined with prior state court action).

Mr. Gibson seeks to re-litigate the issue decided by the state court: whether the real property at issue was properly foreclosed. *Rooker-Feldman* bars the Plaintiff from relitigating the same issues here, although cloaked as a § 1983 claim

and other various torts. Furthermore, Mr. Gibson's claims would either nullify the state courts' judgments or would succeed only to the extent that the state courts wrongly decided the issues. The Court lacks subject-matter jurisdiction over these inextricably intertwined claims.

 Here, Plaintiff has already amended once and it does not appear that with a second amendment, Plaintiff could state a valid federal claim for relief that is plausible on its face and would not be barred by the *Rooker-Feldman* doctrine. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for defendants.") (citation omitted). Because *Rooker-Feldman* raises a threshold jurisdictional matter, and any further amendment would be futile, a court should dismiss on only the jurisdictional grounds. *See Boda v. United States*, 698 F. 2d 1174, 1177 n.4 (11th Cir. 1983) ("Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds.)".

 Accordingly, the motions to dismiss (Dkts. 20, 21) are granted. The amended complaint (Dkt. 19) is dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff is foreclosed from filing another amended complaint

5

because any such amendment would be futile. The Clerk is directed to terminate any pending motions and deadlines and to close the case.

**DONE AND ORDERED** at Tampa, Florida, on March 20, 2023.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
Counsel of Record
Plaintiff, *pro se*